## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PERFECT 10, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **CASE NO. 1:12-cv-01797-ESH** |
| | ) |
| IWEB GROUP, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW Defendants iWeb Group Inc., iWeb Intellectual Property Inc., and iWeb Technologies Inc., and, by counsel, respectfully submit their Motion to Dismiss under Fed. R. Civ. P. 12(b). In support of their Motion, Defendants aver:

### Summary of Position

Plaintiff Perfect 10's complaint must be dismissed for at least six compelling threshold reasons, and corresponding provisions of the Federal Rules of Civil Procedure:

1.     This Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) over this action;

2.     This Court lacks personal jurisdiction under Fed. R. Civ. P. 12(b)(2) over Defendants iWeb Group and iWeb Technologies which have no presence in this judicial district (the latter of which is the only operating company at bar);

3.     Dismissal is proper under the doctrine of *forum non conveniens* in this obvious Canadian dispute;

4.      Venue is improper in this Judicial District under Fed. R. Civ. P. 12(b)(3), as required under the copyright venue statute, 28 U.S.C. §1400(a);

5.      Plaintiff Perfect 10 has failed under Fed. R. Civ. P. 12(b)(6) to state a claim upon which relief can be granted; and

6.      Plaintiff Perfect 10 has failed under Fed. R. Civ. P. 12(b)(7) to join parties under Fed. R. Civ. P. 19.

This position comes as no surprise to Perfect 10, a known pornography copyright troll repeatedly rejected by the courts of its domicile, California, and likewise a litigant in Canada where it sued Google, an American company, for strikingly similar copyright infringement claims. Unlike Perfect 10's past lawsuits, however, the websites Perfect 10 now attacks are neither owned, operated, nor controlled by any iWeb Defendant. As established in the affidavits attached to this Motion, the sole operating company Perfect 10 has now sued, iWeb Technologies, a Canadian company with offices, employees, and facilities only in Montreal, Quebec, Canada, simply houses servers operated by its customers, including those which Perfect 10 could have readily sued in Canada or elsewhere.

Accordingly, no infringement under the Digital Millennium Copyright Act 17 U.S.C. § 512, *et seq.* ("DMCA" or any other American legislation) is implicated in this case. Further, this Court not only has no personal jurisdiction over iWeb Group or its operating company, iWeb Technologies, but the actual operators of the allegedly infringing websites Perfect 10 cites in its complaint and any customers of such sites are apparently nowhere to be found in the District of Columbia. Since Perfect 10 cannot lawfully join all three iWeb Defendants here, let along Plaintiffs' 100 Doe Defendants, venue is likewise lacking in this forum under Section 1400(a) of the Judicial Code.

Plaintiffs' best case, if any, is dismissal under the doctrine of *forum non conveniens* so it can take its dispute to the right forum, the courts of Canada. Of course, even if everything Perfect 10 alleges in its complaint were true and were proven (which Perfect 10 could never do, for the reasons noted in this Motion), Perfect 10 would be entitled to no relief because it has neither alleged any infringement in this Judicial District or that any iWeb Defendant somehow benefitted financially from the alleged contributory infringement, as required under the DMCA.

Finally, dismissal also lies because Perfect 10 has not joined the actual alleged infringers—the website operators, none of which have a connection to the District of Columbia and which, unlike the iWeb Defendants, control their content and operations, including any offending images. Plaintiff well knows this Court has no jurisdiction over such operators.

## Statement of the Case

Plaintiff Perfect 10, a California corporation based in San Diego, California, has sued the Canadian Defendants for a single count of direct and contributory copyright infringement because, "Defendants have had knowledge that they host websites which directly infringe Perfect 10's Copyrighted Works….". Complaint, at ¶32. Plaintiff Perfect 10 also alleges the Canadian Defendants actually "…copied, reproduced, distributed, adapted, and/or publicly displayed the Perfect 10 Copyrighted Works…". Id., at ¶29.

Nowhere in its complaint does Perfect 10 allege anyone in the District of Columbia actually viewed, downloaded, or was otherwise privy to the alleged infringement by the allegedly-infringing websites and Plaintiff's content. Similarly, nowhere in its complaint does Perfect 10 allege any of the Canadian Defendants profited from the alleged infringing conduct. Instead, Plaintiff Perfect 10 recites a litany of canned general infringement abuses it has

routinely proffered in its voluminous compendium of previous, unsuccessful litigation.[1] For example, Plaintiff's customary mantra of allegations includes, "the images that Perfect 10 has spent so much money to create have been copied without permission from both Perfect 10's website and its magazine and now appear free all over the Internet….". Id., at ¶2.

The evidence of record, through Defendants' attached affidavits, establishes all the Canadian Defendants' operations are in Canada, including the business of Defendant iWeb Technologies, the only iWeb operating entity Plaintiff sued. *See, e.g.*, Affidavits of Defendants iWeb Group, iWeb Intellectual Property, and iWeb Technologies, at Exhibits 1 ¶¶ 2 and 4, 2 ¶ 3, and 3 ¶¶ 2-5, respectively. Such evidence of record also establishes no such Defendant operates any website of which Perfect 10 complains; rather, Defendant iWeb Technologies, the only operating company, simply houses server equipment operated and controlled by thousands of customers which, in turn, operate their own websites. Despite pleading "Doe" defendants, Perfect 10 has failed to identify a single such website operator.

The evidence of record also establishes Perfect 10 is a prominent litigator in Canada

---

[1] Perfect 10, Inc. v. Visa Intern. Service Ass'n, 494 F.3d 788 (2007); Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146 (2007); Perfect 10, Inc. v. Amazon.com, Inc., 487 F.3d 701 (2007); Perfect 10, Inc. v. Google, Inc., 653 F.3d 976 (2011); Perfect 10 v. Google, Inc., 416 F.Supp.2d 828 (2006) *aff'd in part, rev'd in part, and remanded to* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146 (2007); Perfect 10, Inc. v. Cybernet Ventures, Inc., 213 F.Supp.2d 1146 (2002); Perfect 10, Inc. v. CCBill, LLC, 340 F.Supp.2d 1077 (2004) *aff'd in part, rev'd in part to* Perfect 10, Inc. v. CCBill LLC, 488 F.3d 1102 (2007); Perfect 10, Inc. v. Cybernet Ventures, Inc., 167 F.Supp.2d 1114 (2001); Perfect 10, Inc. v. Google, Inc., No. CV 04-9484 AHM (SHx), 2008 WL 4217837 (2008); Perfect 10, Inc. v. Megaupload Ltd., No. 11cv0191–IEG (BLM), 2011 WL 3203117 (2011); Perfect 10, Inc. v. Talisman Communications Inc., No. CV99–10450 RAP MCX, 2000 WL 364813 (2000); Perfect 10, Inc. v. Visa Intern. Service Ass'n, No. C 04-00371 JW, 2004 WL 3217732 (2004); Perfect 10, Inc. v. CWIE, LLC, No. CV 02-7624 LGB, 2005 WL 5957973 (2005); Perfect 10, Inc. v. Visa Intern. Service Ass'n, No. C 04-00371 JW, 2005 WL 2007932 (2005); Perfect 10, Inc. v. Visa Intern. Service Ass'n, No. C 04–0371 JW, 2004 WL 1773349 (2004); Perfect 10, Inc. v. Yandex N.V., No. C 12–01521 WHA, 2012 WL 3860804 (2012); Perfect 10, Inc. v. Yandex N.V., No. C 12–01521 WHA, 2012 WL 2119257 (2012)

where, *inter alia,* it has sued Google for copyright infringement. The attached expert report of

Jean-Philippe Mikus, chronicles Perfect 10's extensive activities before the Canadian courts.

Although Perfect 10 has chosen the District of Columbia as a venue for its latest lawsuit, Me

Mikus's opinion makes clear Canada is the only forum to resolve Perfect 10's claims, all of

which appear to implicate Canadian law and facts.

**Argument of the Case**

**1.  This Court Lacks Submit Matter Jurisdiction.**

Perfect 10 does not claim the Digital Millennium Copyright Act, 17 U.S.C. §512, *et seq.,*

or any other American copyright legislation is extraterritorial. Instead, Perfect 10 insists

Defendants' alleged Canadian infringement is somehow actionable in the District of Columbia

when it vaguely claims, "…material elements of Defendants' wrongdoing occurred in the

District of Columbia." Perfect 10 Complaint, at ¶7.

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) when a court lacks

jurisdiction over the subject matter of the dispute, and such a claim can be challenged facially

and substantively. *Arbaugh v. Y&H Corp.,* 46 U.S. 500 (2006). In such a challenge, Perfect 10

bears the burden of establishing this Court's jurisdiction. As explained in *Grand Lodge of the*

*Fraternal Order of Police v. Ashcroft,* 185 F.Supp. 2d 9, (D.D.C. 2001):

> Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court
> has jurisdiction…Because subject-matter jurisdiction focuses on the court's power to hear
> the plaintiff's claim, a Rule 12(b)(1) motion imposes on the court an affirmative
> obligation to ensure that it is acting within the scope of its jurisdictional authority…For
> this reason, 'the [p]laintiff's factual allegations in the complaint… will bear close
> scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to
> state a claim."

Id., at 13 and 14, *citations omitted.*

To resolve any such subject-matter jurisdiction challenge, "…the court need not limit itself to the allegations of the complaint…Rather, "[t]he court may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case…'"'. *Id.*

Although Plaintiff barely alleges "material elements of Defendants' wrongdoing occurred in the District of Columbia", such statements cannot be factually supported, as shown by Defendants' affidavits in support of this Motion to Dismiss. Perfect 10's complaint must therefore be dismissed. *Gibbs. v. Buck,* 307 U.S. 66 (1939).

In this action, Perfect 10's only allegation of wrongdoing is the foregoing "material elements of Defendants' wrongdoing occurred in the District of Columbia"; however, Perfect 10 also concedes "Defendants …are Canadian companies registered under the laws of Canada…" Perfect 10 Complaint, at ¶18. Although Perfect 10 might argue its bare allegations are sufficient to survive a facial challenge under Fed. R. Civ. P. 12(b)(1), Defendants' affidavits make clear all their activities are confined to Montreal, in the Province of Quebec, Canada. *See, e.g.*, Affidavit of Pierre-Luc Toupin of iWeb Technologies which carefully explains Defendant operates server farms in which customers own and control their content. M. Toupin explains:

> iWeb Technologies ("iWeb Technologies") is a Canadian-based company domiciled at 20 Place du commerce, Nun's Island, Montreal (Quebec) Canada H3D 1Z6, and operating 90,000 square feet of operations' centers at several local Montreal, Quebec, Canada locations commonly called "server farms". We provide at our facilities two main types of services to our customers. A first type of service is providing "dedicated server" services (also called iWeb MyServerNow in our terms and conditions) pursuant to which we provide to our customers one or more servers located in our facilities in Montreal for their exclusive use. We are only responsible for fixing hardware failures for these servers and for providing redundant cooling, electrical supply and Internet connectivity. We currently have approximately 18,000 dedicated servers in our server farms in the Montreal region. The other main type of service we offer is co-location server services. In this case the client installs its own servers in a "cage" located inside our server farms. In that case, only redundant cooling, electrical supply and Internet connectivity are provided. In short, the only real difference between the two types of service is we own

the server in the former and the customer owns the server in the latter. The only type of service at issue in Perfect 10's notices is dedicated servers. All these servers are located in Montreal, Quebec, Canada.

> [I]t is important to understand how our dedicated server services work. We hand over control to the customer of one or more server configured only essentially with system software. The customers are then free to remotely install their own proprietary software and content on their server, and control their servers as they wish much as a conventional physical storage facility makes lockers or other secure storage space available to families needing extra storage capacity, albeit without the temperature-control, utilities, and Internet access we provide....

Exhibit 3, at ¶¶ 3 and 4.

Accordingly, even if Defendant iWeb Technologies' Canadian server farm facilities' housing operation somehow infringes upon any Perfect 10's copyrights, such infringement can only be extant in Canada, not the District of Columbia. This Court has no jurisdiction under any copyright legislation to reach into Canada to adjudicate Defendants' Canadian activities. The complaint must therefore be dismissed for lack of subject matter jurisdiction.

## 2. This Court Lacks Personal Jurisdiction Over Defendants iWeb Group and iWeb Technologies.

Besides Perfect 10's complaint's subject matter defect, that complaint fails to establish personal jurisdiction over Defendants iWeb Group and iWeb Technologies, neither of which have a presence in the District of Columbia. Accordingly, such Defendants must be dismissed under Fed. R. Civ. P. 12(b)(2).

The standards for the proper exercise of personal jurisdiction in the District of Columbia are clear, and implicate Constitutional requirements of due process, as held by the court in *FC Investment Group LC v. IFX Markets, Ltd.,* 479 F.Supp. 2d 30 (D.D.C. 2007),

> Plaintiffs bear the burden of establishing personal jurisdiction over defendant. In order to meet their burden, plaintiffs must allege specific facts on which personal jurisdiction can be based; they cannot rely on conclusory allegations...When considering personal jurisdiction, the Court need not treat all of the plaintiffs' allegations as true.

Instead, the court 'may [also] receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts….'"

*Id.,* at 35 (citations omitted).

In this case, Plaintiff cannot meet its burden because Defendants' affidavits establish the clear error in Plaintiff's jurisdictional allegations. For example, Defendants iWeb Group and iWeb Technologies have no presence in the District of Columbia, as reflected in the affidavits attached as Exhibits 1 and 3, respectively, and, of all the Defendants, only iWeb Technologies is an operating company. Its operations, however, are confined to the City of Montreal, Quebec, Canada, as confirmed by its affiant. *See,* Exhibit 2.

Moreover, even Defendant iWeb Intellectual Property, which does have a District of Columbia agent for service of process, only exists as a licensee to Microsoft, a presence completely unrelated to Plaintiff Perfect 10's cause of action. Finally, each iWeb Defendant has made clear it has no employees or equipment in the District of Columbia. *See,* Exhibits 1-3, *passim.*

Perfect 10's few personal jurisdiction allegations are not only irrelevant, they are incorrect. As established by the attached affidavit of Defendant iWeb Technologies, it does no business with vendors Cogent and Level 3 in the District of Columbia, as Plaintiff incorrectly asserts at Paragraph 9 of its complaint. To the contrary, as established by the affidavit of M. Pierre-Luc Toupin of iWeb Technology and as confirmed by actual invoices M. Toupin attached to his affidavit, iWeb Technologies does business with Cogent Canada based in Toronto, Ontario, Canada, and Level 3 Communications in Colorado, the services and invoices of which are all rendered in Montreal, Quebec, Canada, as shown on this record. *See,* Exhibit 3, at ¶4.

At bottom, it is apparent Perfect 10 has no understanding of any iWeb operation. Simply put, no iWeb Defendant is or maintains a website hosting any of the allegedly-infringing content.

As such, no iWeb Defendant has perpetrated or facilitated any acts of infringement in the District of Columbia. Accordingly, there is no lawful jurisdiction over the iWeb Defendants, and all should be summarily dismissed from this proceeding.

3. **If Plaintiff Could Establish Subject Matter and Personal Jurisdiction over Defendants in this Action, the Complaint Should Be Dismissed Under the Doctrine of Forum Non Conveniens.**

Although it is extremely doubtful Perfect 10 can overcome its complaint's jurisdictional infirmities, if it can somehow surmount those problems, all signs in this dispute point to the courts of Canada. Accordingly, dismissal under the doctrine of *forum non conveniens* lies. The attached expert opinion of Canadian copyright law expert, Jean-Philippe Mikus carefully explains the alternative Canadian forum, and provides certified copies of Canadian court documents chronicling Perfect 10's litigation in Canada, including those establishing Perfect 10 believes the Canadian forum to be the preferable alternative.

The court in *Lans v. Adduci Mastriani & Schaumberg, LLP,* 786 F. Supp.2d 240 (D.D.C. 2011) recently explained application of the doctrine in the District of Columbia. Judge Walton noted the strong presumption favoring a plaintiff's choice of forum is weakened when the forum is not the plaintiff's home forum, most of the relevant events occurred elsewhere, and where private and public interest factors clearly point toward trial in an alternative forum. *Id.,* at 264.

In considering a motion to dismiss based upon *forum non conveniens,* the court must first consider the threshold issue of whether an adequate alternative forum exists. If so, the court must then "weigh the relative conveniences to the parties" against the presumption favoring plaintiff's choice of forum by balancing the relevant "private interest factors" against "public interest factors" to determine whether the "balance of convenience tilts strongly in favor of trial in the foreign forum. *Id., citations omitted.*

*Lans* and the precedent it cites make clear a defendant shoulders the foregoing heavy burden on all elements of the analysis, including proving an adequate forum, that a plaintiff can reinstate its suit in the foreign forum without undue inconvenience or prejudice. As explained by Judge Walton in *Lans,* "[t]he cases…make clear that dismissal is to be the exception, not the rule, and that there must be a strong showing that the alternative forum would be significantly more convenient…." *Id.,* at 266.

Here, Defendants have clearly met their heavy burden under the doctrine. First, Perfect 10 is neither based in nor apparently does any business in the District of Columbia; rather, it is a California corporation based in San Diego, so its choice of this forum is not entitled to any strong presumption. Second, the attached affidavit of Canadian copyright law expert, Jean-Philippe Mikus makes clear the Courts of Canada are not only an adequate alternative forum, but Perfect 10 is an accomplished litigator before just such courts. Third, it is abundantly apparent any cause of action at issue really arises under Canadian law, so the courts of Canada are uniquely qualified to resolve any such issues, not the District of Columbia. As Me Mikus explains in his affidavit, the Courts of Canada (including concurrent Quebec provincial court jurisdiction) could even entertain any related U.S. copyright law issues, an insight based, in part, on Me Mikus's acknowledgement that both countries are signatories to the same international treaty, the 1886 *Berne Convention for the Protection of Literary and Artistic Works,* as recently enhanced by the *World Intellectual Property Organization Copyright Treaty of 1996,* under which both countries have promulgated similar laws. *See,* Exhibit 4, at ¶68.

Besides the foregoing public interest factors, private interests also favor dismissal of this action for Perfect 10 to pursue its claim in Canada. First, all Defendants' witnesses are located in Canada and, by contrast, Perfect 10 has not even suggested a single such witnesses is domiciled

in the District of Columbia. Second, discovery in Canada is not only substantially similar to that in the United States, as explained by Me Mikus, Perfect 10's discovery in Canada under the Hague Convention in any suit maintained in the District of Columbia, would be far more expensive and complex than discovery attendant to a Canadian suit, as Perfect 10 likely well understands from its extensive Canadian litigation experience.[2] Third, it is clear Perfect 10 will ultimately fail to secure personal jurisdiction over Defendants iWeb Group and iWeb Technologies in the District of Columbia, so Canada is the only conceivable forum where all three Defendants can be found. Similarly, only in Canada can Defendants' vendors and Defendant iWeb Technologies' customers' equipment be found. Indeed, as Me Mikus explains in his affidavit, Quebec law would prohibit removal of business information from Canada, so any such discovery by Perfect 10 could well be unlawful when removed to another jurisdiction like the District of Columbia.

Under any perspective, Canada is a far superior forum than the District of Columbia to resolve Perfect 10's claims. Since American copyright law is not even realistically implicated, there is little justification for prosecuting this action before this Court. The complaint should therefore be dismissed for *forum non conveniens.*

### 4.   Venue is Improper in this Judicial District.

Perfect 10's lawsuit also offends Fed. R. Civ. P. 12(b)(3) because venue is improper in the District of Columbia. Defendants' compelling *forum non conveniens* grounds also support their venue objections under this Rule. As explained by this court in *Nu Image, Inc. v. Does 1-*

---

[2] Me Mikus explains, at Paragraphs 52 through 64 of his Affidavit, that Canadian Federal and Quebec Provincial privacy legislation impedes or outright bars much information from transmission outside Canada. He advised, "…if the identity and contact information of customers form part of the business records of a Quebec company, it will be impossible (whether in electronic form or not) for the disclosure of this information to be "compelled". Their disclosure would therefore not be permitted pursuant to Section 18 of the Personal Information Protection Act.

*23,322,* 799 F. Supp.2d 34 (D.D.C. 2011), "…when copyright infringement is the sole claim being alleged, it is misleading, and arguably disingenuous, to assert that venue may be proper under section 1391(b), the general venue statute, when section 1400(a) is the exclusive venue statute for copyright infringement actions."

Notwithstanding *Nu Image,* Perfect 10 cites the venue provisions of Sections 1391(b)(1) and (3), and (c), and 1400(a) of the Judicial Code (28 U.S.C. §§1391(b)(1) and (3), and (c), and 1400(a)) to allege venue is proper in this Judicial District; however, Defendants' affidavits establish two of the three iWeb Defendants cannot be considered as residing in the District of Columbia. Each is a Canadian corporation based and doing business in Montreal. Consequently, Perfect 10 cannot meet the requirements of Section 1400(a), nor of Section 1391(b)(1) or (3), if the latter applied, because although Defendant iWeb Intellectual Property can facially be found here, it is a non-operating company with no involvement in the alleged infringement while it is evident this action can be brought in Canada, where all three iWeb Defendants reside. More significantly, as explained by this court in *Nu Image,*

> [V]enue for claims asserted under the Copyright Act is governed by 28 U.S.C. § 1400(a), which requires that a civil suit to enforce the Copyright Act be brought in a judicial district "in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). In essence, section 1400(a) requires that every single defendant can be "found here" in order for venue to be proper in this Court. Plaintiff has made no effort to dispute, and has not provided the Court with any authority to dispute, that section 1400(a) is the correct venue provision.

*Id., at* 37 (footnote omitted).

In this case, two of the three Defendants cannot be found in this Judicial District. Moreover, Plaintiff has repeated the California practice of naming Does 1 through 100 as Defendants, so it must establish each and every one of such Defendants can be found in this Judicial District under Section 1400(a), an impossible task. Accordingly, it is clear the

requirements of Section 1391(b) are inapplicable to this copyright infringement action, so Plaintiff must establish, under Section 1400(a) that all Defendants (some 103 such entities) can be found in the District of Columbia. As the attached affidavits establish for the three iWeb Defendants alone, Perfect 10 can make no such showing. If Perfect 10 could somehow surmount the iWeb Defendants' dispositive showing, it can never meet its burden under Section 1400(a) because it has not even bothered to identify any such Doe Defendants. Plaintiff's artful pleading thus dooms its venue showing.

Plaintiff's reliance upon Section 1391(c) is likewise misplaced. As iWeb Defendants iWeb Group and iWeb Technologies have established through their affidavits, neither such Defendant is subject to personal jurisdiction in this forum.

At bottom, this action must be dismissed under Fed. R. Civ. P. 12(b)(3) because venue is improper in this Judicial District. By contrast, if this action is survivable by surmounting its other deficiencies noted in this Motion to Dismiss, the only available forum is Canada.

### 5. Plaintiff Has Failed to State a Claim on which Relief Can be Granted.

Even if all Perfect 10's allegations were taken as true, it would not be entitled to the relief it seeks from this Court. Besides conclusory and facially suspect allegations Perfect 10 has unsuccessfully presented in its long history as a litigant, Perfect 10 has not and cannot allege required components of a copyright infringement cause of action, including an allegation that the iWeb Defendants somehow financially benefitted from the alleged infringement.

It is a plaintiff's obligation, "…to provide the 'grounds' of his 'entitle[ment] to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action…". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, at 555 (2007) [citations

omitted]. As the *Twomby* court explained, "[f]actual allegations must be enough to raise a right to relief above the speculative level…". *Id.* [citation omitted].

Plaintiff's complaint fails to rise above the speculative level. It does not even allege any person in this judicial district saw or received the allegedly-infringing images. It has not even attached to its complaint the allegedly infringing images or the infringement notices it claims it sent; instead, it appended a list of numbers it claims as copyrights. Finally, it has failed even to allege, and could never establish, the iWeb Defendants enjoyed any financial benefit from the alleged infringement, as required under the DMCA.

Perfect 10 failed to attach any allegedly-infringing images for a good reason. Of the 1,000 of more images of which Plaintiff complains, the overwhelming majority is thumbnails maintained on sites no iWeb Defendant controls. Thumbnails, however, are transformative and subject to a Fair Use defense under the DMCA, as held against Perfect 10 in *Perfect 10, Inc. v. Amazon.com, Inc., et al.,* 487 F.3d 701, 722-23 (9th Cir. 2007).

Perfect 10 has made similar allegations before, and the courts have chastised it for frivolous pleadings. For example, in *Perfect 10, Inc., v. Yandex N.V.,* where Perfect 10 attempted to sue Russian websites allegedly infringing its nude model images, Judge Alsup denied Perfect 10's preliminary injunction motion by finding:

> [P]erfect has failed to establish a causal relationship between its serious financial woes and the alleged infringement. There is insufficient proof that the accused search engines in this action, which are nearly identical to those accused in *Perfect 10 v. Google*, will likely destroy Perfect's business model and threaten it with financial ruin. As noted by our court of appeals, Perfect has never been in "sound financial shape" and there continues to be other search engines that allegedly make Perfect's images available on third-party websites. To sum up, Perfect's allegations of irreparable harm in this action have already been rejected by our court of appeals. Nothing indicates that injunctive relief against Yandex N.V. will help alleviate Perfect's financial troubles.

Slip Copy (2012).

Perfect 10's complaint simply fails to present facts on which any relief can be granted. As such, it suffers the same defects as the court found in *Twombly* when it explained, "…we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its fact. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." 550 U.S. 544, at 570.

**6. Plaintiff Has Failed to Join Required Parties under Fed. R. Civ. P. 12(b)(7).**

Defendants' affidavits establish they have no control over or responsibility for their customers' Canadian servers or the data such customers maintain on such servers, including such customers' websites. More importantly, no iWeb Defendant has control over its customers' content to allow the destruction of "…all photographs, documents, and other items, electronic or otherwise, in its [sic] possession, custody, or control, that infringe the copyrights of Perfect 10." *Complaint,* at Prayer, ¶2.

Accordingly, any infringement of Plaintiff's nude photos and corresponding relief can only be alleged and executed against such customers, and cannot be attributed to any iWeb Defendant. Since Perfect 10 chose not to sue any such alleged infringers, its lawsuit must be dismissed for failure to join such parties, as required under Fed. R. Civ. P. 12(b)(7).

Perfect 10 is well aware of the identity and addresses of any iWeb Technologies' customers that Plaintiff believes infringe its nude photos' copyrights. Whether such customers are located abroad in Russia or China is of no moment to Perfect 10 which has previously sued Russian infringers before American Federal courts. *See,* n.1.

Federal Rule of Civil Procedure 12(b)(7) provides a complaint may be dismissed for "failure to join a party under Rule 19." As this Court explained in *Direct Supply, Inc., v. Specialty Hospitals of America, LLC* 83 Fed.R.Serv.3d 91 (D.D.C. 2012), "… courts are

generally reluctant to grant Rule 12(b)(7) motions; 'dismissal is warranted only when the defect

is serious and cannot be cured.' 5C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane &

Richard L. Marcus, *Federal Practice & Procedure* § 1359 (3d ed.2004). As with other Rule 12

motions, the court must accept the complaint's allegations as true for the purposes of a Rule

12(b)(7) motion to dismiss. *16th & K Hotel, LP v. Commonwealth Land Title Ins. Co.*, 276

F.R.D. 8, 12 (D.D.C. 2011).

As provided in *Direct Supply*, "...courts may consider matters outside the pleadings

when determining whether Rule 19 requires that a party be joined.' *Anderson v. Hall*, 755

F.Supp. 2, 5 (D.D.C. 1991). Whether an absent party is indispensable "can only be determined in

the context of particular litigation.' *Provident Tradesmens Bank & Trust Co.*, 390 U.S. 102, 118

(1968)." *Id.,* at 6.

*Direct Supply* applied under Rule 19 a "...three-step procedure for determining whether

litigation may proceed in the absence of a particular party': (1) whether the absent party is

required to be joined; (2)'"whether [the absent party] can be joined'; and (3) if the absent party

cannot be joined, 'whether the action may still proceed in equity and good conscience.' *OAO*

*Healthcare Solutions, Inc. v. Nat'l Alliance of Postal & Fed. Employees,* 394 F.Supp.2d 16, 19

(D.D.C.2005).

As further established in *Direct Supply,* as a first step,

> [T]he Court must determine whether the District of Columbia is required to be
> joined. A party is required to be joined if: (A) 'in that person's absence, the court cannot
> accord complete relief among existing parties'; or (B) 'disposing of the action in the
> [party's] absence may' either "impede the [missing party's] ability to protect [its]
> interest" or an existing party is at 'risk of incurring double, multiple, or otherwise
> inconsistent obligations.' Fed. R. Civ. P. 19(a). The burden is on the moving party to
> demonstrate that an absent party is required under Rule 19. *Ilan–Gat Engineers, Ltd. v.*
> *Antigua International Bank,* 659 F.2d 234, 242 (D.C.Cir.1981). If the Court determines
> that an absent party is not required under Rule 19(a), it need not proceed to the second or
> third steps of the test. See *16th & K Hotel*, 276 F.R.D. at 14.

*Direct Supply,* at 6.

In this action, nothing could further establish the indispensable nature of the missing website operators than the relief Perfect 10 seeks, the destruction of the offending items, and a cessation of the offending website hosting. As established in their affidavits, Defendant iWeb Technologies has no control over any such data and content. Only the website operators, all of which are known to Perfect 10, can comply with any such order.

The real parties in interest, the missing website operators, must be joined to provide any relief Perfect 10 seeks because iWeb Technologies simply provides servers for those missing website operators. Perfect 10 clearly filed this action because it cannot join such foreign entities in this Judicial District. Perfect 10's inability to join such foreign entities, however, dooms its action because it cannot secure "complete relief among existing parties" as required by the *Direct Supply* court.

### Conclusion

For all the foregoing reasons, or any individual reason, Perfect 10's lawsuit must be dismissed. This action belongs, if anywhere, in Canada, not in the District of Columbia where Perfect 10 is a stranger, no jurisdiction is lawful over two of the three named Defendants, neither two of the named Defendants nor 100 Doe Defendants can be found in this Judicial District, Plaintiff cannot remedy its failure to state a claim upon which relief can be granted, and Plaintiff has not and cannot join the parties it needs to sue to secure the relief it demands.

WHEREFORE, Defendants respectfully request their motion be granted, and that this Court grant such other and further relief as it may find just and necessary. A proposed form of order is attached to Defendants' Motion.

DATE: December 21, 2012

Respectfully submitted,

SHAWNCOULSON, LLP

By: /s/ William H. Shawn
William H. Shawn
D.C. Bar No. 198416
1850 M Street, N.W. Suite 280
Washington, D.C. 20036-5804
Te:  202.331.2300
Fax: 202.403.3747
wshawn@shawncoulson.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2012, I served a copy of the forgoing

on all counsel of record via ecf.

Linda J. Zirkelbach DC Bar No. 466189
Luisa Caro DC Bar No. 460560
Potomac Law Group, PLLC
1300 Pennsylvania Ave., NW Suite 700
Washington, DC 20004
P 202.204.3005
F 202.318.7707
lzirkelbach@thepotomaclawgroup.com
lcaro@thepotomaclawgroup.com

ATTORNEYS FOR PLAINTIFF

/s/Douglas E. Evans
Douglas E. Evans